## THE PEOPLE v. FRANK WARNER.

*Criminal law—Forgery—Election of counts—Fictitious names—Evidence—Confessions—Instructions to jury.*

104  337
148  307
104  337
154  ²574
j154  ²581

1. Respondent was informed against for the forgery of an order for the payment of money, and for uttering said order. The order was set forth in both counts of the information. At the close of the people's case the respondent's counsel asked that the prosecuting attorney be required to elect upon which count of the information he would rely for a conviction, and the request was refused. The respondent offered no evidence in his defense. And it is held that the court did not err in his ruling; citing *Van Sickle v. People,* 29 Mich. 61; *People v. Kemp,* 76 Id. 410.

2. The sheriff testified that, after he had arrested the respondent, he visited a neighboring town, to see if he could find the men named in the order as drawer and payee; that on his return he asked the respondent, who had assumed to be the payee named in the order, one George Demming, if his name was not Frank Warner; that the respondent replied that it was, and broke down and cried, and admitted that he had forged the order, and expected to get a trip for it; that in a subsequent conversation the respondent told the witness that he should plead guilty, to which the witness replied that, if respondent was going to plead guilty on his own responsibility, he would speak to the judge, and get him off as easily as possible. And it is held that the evidence did not establish the fact that the confession was obtained by duress; that there was no evidence of any duress or promises at the time it was made; and that the evidence was competent.

3. Error was assigned in that the court failed to explain to the jury the meaning of the words "false" and "forged," and to caution them that the fact that the respondent did not testify in his own behalf was not evidence of guilt. And it is held that it is sufficient to say that the attention of the court was not called to said points by respondent's counsel.

4. Signing fictitious names, or names of non-existing firms or persons, to an instrument, with intent to defraud, is a false mak-

104 MICH.—22.

ing, and constitutes forgery; citing 8 Amer. & Eng. Enc. Law, 469, and authorities there cited.

Error to Alcona.   (Simpson, J.)   Submitted on briefs March 1, 1895.   Decided March 12, 1895.

Respondent was convicted of the crime of forgery, and sentenced to imprisonment in the State prison at Jackson for 3 years.   Judgment affirmed.   The facts are stated in the opinion.

*Henry K. Gustin* (*James McNamara*, of counsel), for respondent.

*Fred A. Maynard*, Attorney General, and *O. H. Smith*, Prosecuting Attorney, for the people.

GRANT, J.   The respondent was charged with forgery. The information contains two counts.   The first count charges the forgery of an order for the payment of money, which reads as follows:

"EAST TAWAS, MICH., March 13, 1893.
"J. H. SCHMECK & Co., Bankers:
"Pay to the order of George Demming ($87.00) eighty-seven dollars.                    R. J. NORTON."

The second count charges the uttering of the order.

The respondent was arrested by the sheriff with the order in his possession, and while attempting to pass it and get money upon it.   The firm of Schmeck & Co. had failed some time before.   The respondent went to the store of one Piser, wanted to buy some goods, and offered the check.   Mr. Piser did not know the respondent, nor any of the parties named in the check.   He went into a barber shop near by to ascertain if the check was good. The day after respondent's arrest the sheriff went to Lewistoon, to see if he could find such a man as R. J.

Norton or George Demming, or R. J. Norton's camp, where respondent said he had been working all winter. On his return the sheriff asked respondent if his name was not Frank Warner, to which he replied, "Yes;" and the sheriff testified that "he cried and broke down; said he had forged the check, and expected to get a trip for it." On cross-examination, the sheriff testified that in a subsequent conversation with him the respondent told him that he should plead guilty, to which the sheriff replied that, if he was going to plead guilty on his own responsibility, he would speak to the judge, and get him off as easily as possible.

1. The court did not err in refusing to compel the prosecution to elect under which count it would proceed. *Van Sickle v. People*, 29 Mich. 61; *People v. Kemp*, 76 Id. 410, 421.

2. The evidence did not establish the fact that the confession to the sheriff was obtained by duress. There was no evidence of any duress or promises at the time the confession was made. It was competent evidence. The court instructed the jury that confessions or admissions must be made voluntarily, and that, if they found that they were made by the respondent under undue influence, they could not be considered. This was as favorable an instruction as the respondent was entitled to.

3. Error is alleged in that the court failed to instruct the jury as to the presumption of innocence, to explain the meaning of the words "false" and "forged," and to caution them that the fact that the respondent did not testify in his own behalf was not evidence of guilt. We are unable to understand what counsel mean by asserting that the court did not instruct the jury upon the presumption of innocence. The judge explicitly charged them upon this point as follows:

"The defendant is entitled to the benefit of all doubts.

When he enters the trial, he has the right to stand before you as an innocent man, until the people have produced evidence sufficient to overcome the presumption of innocence, and force you to believe, and convince you beyond a reasonable doubt, that he is guilty; and after hearing all the evidence in the case, if, by looking it over and considering it, you could find any other way whereby it could be construed consistent with his innocence, it is your duty to do so,—that is, after looking at the evidence and considering it, if it can be so construed and passed upon as to be consistent with innocence, it is your duty to give him that right.  In other words, before you can convict him the evidence must be such that convinces you beyond a reasonable doubt, and overcomes every presumption of innocence, when most favorably construed in his favor."

As to the other points, it is sufficient to say that the attention of the court was not called to them by the respondent's counsel.

4. It is next argued that the names to the order were fictitious, and therefore the crime of forgery was not committed.  The common-law definition of "forgery" is "a false making, or a making *malo animo*, of any written instrument with intent to defraud."  The present case is clearly within this definition.  The authorities, moreover, lay down the rule as follows:

" Signing fictitious names, or the names of non-existing firms or persons, to an instrument, with an intention to defraud, is a false making, and constitutes a forgery."  8 Amer. & Eng. Enc. Law, 469, and authorities there cited.

· The judgment is affirmed.

The other Justices concurred.