*In re* STOUT.

1. FORGERY—DEFINITION—FRAUD.
   *Forgery* includes any act which fraudulently makes an instrument purport to be that which it is not.

2. INSANE PERSONS—FELONY—FORGERY.
   Habeas corpus petitioner for release from the State hospital for the criminally insane to which he had been sent after recorder's court judge had found him insane *held*, to have been charged with a felony, where the information charged him with falsely and fraudulently indorsing upon the back of a draft the indorsement of the payee without authority and with intent to injure and defraud, hence, under statute providing for commitment of persons who appear to be insane or who are acquitted on ground of insanity when accused of any felony, the sanity proceedings were not invalid (CL 1929, § 17241, as amended by PA 1931, No 317; § 17048; CL 1948, § 761.1).

SOURIS, J., dissenting.

Habeas corpus by Clyde C. Stout to the Medical Superintendent of Ionia State Hospital, with ancillary writ of certiorari to the Presiding Judge of the Recorder's Court of Detroit, to test legality of his commitment as an insane person unable to undertake his defense on charge of forgery. Submitted March 9, 1963. (Calendar No. 99, Docket No. 50,201.) Writ dismissed November 4, 1963.

*Clyde C. Stout, in propria persona.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *James R. Ramsey,* Assistant Attorney General, for defendant Medical Superintendent of Ionia State Hospital.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 23 Am Jur, Forgery §§ 2–4.
[2] 14 Am Jur, Criminal Law § 55 *et seq.*
    25 Am Jur, Habeas Corpus §§ 84, 85, 153, 159.

*Samuel H. Olsen,* Prosecuting Attorney, Wayne County, and *Samuel J. Torina,* Assistant Prosecuting Attorney, for defendant Judges of Recorder's Court.

Smith, J. Petitioner, an inmate of Ionia State Hospital, appeared *in propria persona* alleging his detention to be illegal. The record discloses that petitioner was committed to said hospital by order of the recorder's court on September 25, 1931. This order of commitment was issued pursuant to the statute then in force providing such disposition "when a party *accused of any felony* shall appear to be insane." CL 1929, § 17241, as amended by PA 1931, No 317.[1] Petitioner alleges that his detention is illegal in that at the time of commitment he was not a person accused of a felony. Based on the averment of said petition a writ of habeas corpus was issued, directed to the medical superintendent of the hospital, with ancillary writ of certiorari to recorder's court. Returns to the writs have been duly filed.

Petitioner was informed against in recorder's court for the city of Detroit on September 2, 1931, on a charge of forgery under the statute, pursuant to CL 1929, § 17048.[2] The information charged that

[1] "Sec. 27. When a person accused of any felony shall appear to be insane or shall have been acquitted upon trial upon the ground of insanity, the court, * * * shall carefully inquire and ascertain the issue of insanity. * * * If such person is found insane, the judge of said court shall order that he be discharged from imprisonment and that he be turned over to the sheriff for safe custody and removal to the Ionia State Hospital, to which hospital such person shall be committed to remain until restored to sanity." See, currently, CL 1948, § 767.27, as amended by PA 1961, No 166 (Stat Ann 1961 Cum Supp § 28.967).

[2] "Every person who shall falsely make, alter, forge, or counterfeit any * * * bill of exchange * * * or indorsement * * * with intent to injure or defraud any person, shall be punished by imprisonment in the State prison."

. A felony then was construed to mean an offense punishable by death or imprisonment in State prison. CL 1948, § 761.1 (Stat Ann 1954 Rev § 28.843).

petitioner on July 23, 1931, had in his hands a certain draft for the payment of money in the amount of $43.25, made out to the Properties Holding Company, and further charged as follows: "and the said Clyde C. Stout did then and there, with intent to injure and defraud, falsely, feloniously, fraudulently indorse, write and forge upon the back of said draft or order for the payment of money the indorsement and signature of the payee thereof, viz: Properties Holding Company, by C. C. Stout, without right and authority so to do, and with intent then and there to injure and defraud."

The record reveals that subsequent to the arraignment, the trial court on September 15, 1931, appointed a sanity commission pursuant to the provisions of the aforementioned statute, CL 1929, § 17241. The sanity commission found petitioner to be an insane person not possessing mental capacity "to undertake his defense." Thereafter, one of the judges of recorder's court found defendant (petitioner herein) to be "insane and irresponsible [sic] not a proper person to be tried at this time" on the charge pending against him, and ordered that he be removed to the State hospital at Ionia until cured or otherwise discharged.

Petitioner sets forth several grounds as a basis for his contention. However, the only allegation meriting review is whether in fact petitioner was, at the time of the commitment, "a person accused of a felony."

Petitioner claims that because he signed his own name to the check, it was not a felony within the meaning of the statute. A reading of the statute provides adequate answer. As applied to this case, it reads substantially as follows: every person who shall falsely make a bill of exchange or indorsement with intent to injure or defraud any person shall be guilty of a felony. CL 1929, § 17048. Forgery in-

cludes "any act which fraudulently makes an instrument 'purport to be that which it is not.'" *People* v. *Marion,* 29 Mich 31, 35. Petitioner was charged in the information with falsely and fraudulently indorsing upon the back of the draft (a bill of exchange) the indorsement of the payee, without authority and with intent to injure and defraud. Upon the face of it, the act charged is a felony; therefore the sanity proceedings were not invalid.

The writ is dismissed.

CARR, C. J., and DETHMERS, KELLY, and O'HARA, JJ., concurred with SMITH, J.

KAVANAGH, J., concurred in result.

SOURIS, J. (*dissenting*). This is an original habeas corpus proceeding by petitioner, Clyde C. Stout, for his release from Ionia State Hospital, to which he was committed in 1931 by a judge of the recorder's court for the city of Detroit pursuant to the provisions of CL 1929, § 17241, as amended by Act No 317, PA 1931, quoted in a footnote to Mr. Justice SMITH's opinion. The cited statute requires commitment to Ionia State Hospital when a person accused of any felony shall be determined, after careful inquiry, to be insane. Stout claims that the information did not properly accuse him of any felony and that, therefore, his commitment under the cited statute was and is invalid. I agree.

Stout was charged by information in the following language:

"And the said Clyde C. Stout did then and there, with intent to injure and defraud, falsely, feloniously, fraudulently indorse, write and forge upon the back of said draft or order for the payment of money

the indorsement and signature of the payee thereof, viz.: Properties Holding Co., by C. C. Stout, without right and authority so to do, and with intent then and there to injure and defraud."

The statute for the violation of which he was charged (chapter 284 of CL 1929, § 17048) read as follows:

"Section 1. Every person who shall falsely make, alter, forge, or counterfeit any  *  *  *  indorsement, or assignment of a bill of exchange  *  *  * for the payment of money  *  *  *  with intent to injure or defraud any person, shall be punished by imprisonment in the State prison not more than 14 years, or in the county jail not more than 1 year."

The prosecuting attorney, appearing for the respondent successor recorder's court judge, and the attorney general, appearing for the respondent medical superintendent of the Ionia State Hospital, contend that the information adequately charged petitioner with having committed forgery on the theory that any unauthorized signature with intent to defraud is a forgery and, therefore, a felony if made upon an instrument described in CL 1929, § 17048.

While several of our early cases contain extremely broad language which would seem to support the position taken by respondents and by Justice Smith, this Court has never considered the precise question presented by Stout's petition. It has, however, been considered by other courts, and just last year the precise issue was decided by the United States supreme court in a manner contrary to the contentions of the respondents. *Gilbert* v. *United States* (1962), 370 US 650 (82 S Ct 1399, 8 L ed 2d 750).

Because cases like *People* v. *Marion,* 29 Mich 31 (relied upon by the respondent judge), and *People* v. *Van Alstine,* 57 Mich 69, did not involve instruments alleged to have been forged by addition of a genuine signature which purports, wrongfully, to

be that of an authorized agent, we need not assume that such wrongful agency indorsements would have been regarded as forgery by the Court had the issue been presented in *Marion* or in *Van Alstine,* notwithstanding the broad general language used by the Court in each of those cases.[1] In *Marion,* for example, at page 35, the Court, quoting from *Queen* v. *Ritson,* LR 1 CCR 200 (21 LT 437), defined forgery to include any act which fraudulently makes an instrument " 'purport to be that which it is not' ". In *Van Alstine, supra,* at p 73, the Court said that at common law, forgery was defined to be the " 'making of a false document with intent to defraud' ".

In *Gilbert* v. *United States, supra,* a factual situation was presented analogous to that reflected in the information charging Stout with forgery. Gilbert was an accountant who wrongfully indorsed his clients' Federal income tax refund checks with their names and also added his own genuine signature followed by the word "trustee". He was prosecuted for violation of 18 USC, § 495:

"Whoever falsely makes, alters, forges, or counterfeits any deed, power of attorney, order, certificate, receipt, contract, or other writing, for the purpose of obtaining or receiving, or of enabling any other person, either directly or indirectly, to obtain or receive from the United States or any officers or agents thereof, any sum of money   *   *   * shall be fined not more than $1,000 or imprisoned not more than 10 years, or both."

Mr. Justice Harlan, writing for the supreme court, traced the history of that statute back to 1823 and

---

[1] Even in *People* v. *Kemp,* 76 Mich 410, involving a defendant who obtained a check made out to a fictitious personage and indorsed it with the fictitious name and his own name, the Court did not pass on the question of whether an agency indorsement was encompassed within forgery. The information in *Kemp* charged defendant only with forging the fictitious name.

determined what the common-law meaning of forgery was at that time, assuming in the absence of anything in the statute to the contrary that congress must have used the word "forges" in its common-law sense. For this purpose he relied upon *Regina* v. *White,* 2 Car & K 404 (175 Eng Rep 167 [*Nisi Prius,* Book 6]) decided in 1847. Mr. Justice Harlan acknowledged that the case of *Regina* v. *White* was decided subsequent to the 1823 statute in which congress first made use of the concept of forgery, but he noted that in the decision of *Regina* v. *White,* the 15 judges of the English court considered the earlier English common-law authorities and unanimously concluded that " 'indorsing a bill of exchange under a false assumption of authority to indorse it per procuration, is not forgery, there being no false making.' " 370 US 650, at p 655. The supreme court concluded that forgery, within its common-law meaning as incorporated within the above-quoted Federal statute, "should not be taken to include an agency indorsement." Gilbert, having made a purported, but misrepresented, agency indorsement was held not to have forged the checks within the common-law meaning of that term.[2]

In Mr. Justice Harlan's opinion in *Gilbert* v. *United States,* reference is made to *Selvidge* v. *United States* (CCA 10), 290 F2d 894, a 1961 decision

---

[2] The reasoning of the supreme court is equally applicable to the Michigan statute under which Stout was charged. One of the earliest Michigan antecedents of CL 1929, § 17048, was section 37 of "An act for the punishment of crimes" enacted in 1820 by the governor and judges of the Michigan territory:

"If any person shall falsely make, alter, forge or counterfeit * * * [an] indorsement or assignment of any bill of exchange * * * with intent to prejudice, injure, damage or defraud any person * * * every such offender, shall, on conviction, be punished by fine not exceeding $300, or by solitary imprisonment, at hard labor, not exceeding 2 years, or both, at the discretion of the court, or may instead of the imprisonment, be whipped not exceeding 39 stripes on the bare back."

The precise wording used in CL 1929, § 17048, appears in RS 1846, Chapter 155, § 1.

of the tenth circuit court of appeals. Justice Harlan adopted the reasoning of the *Selvidge Case* and its conclusion that the common-law definition of forgery does not include an agency indorsement such as was involved in *Gilbert* and is involved in this case of Stout. The opinion in *Selvidge* v. *United States* adequately distinguishes the cases of *Yeager* v. *United States* (1929) 59 App DC 11 (32 F2d 402), and *Quick Service Box Co.* v. *St. Paul Mercury Indemnity Co.* (CCA 7, 1938), 95 F2d 15, both of which are relied upon by the respondent superintendent of Ionia State Hospital. 290 F2d 894 at p 896.

In this case, as in *Gilbert* and *Selvidge,* Stout was charged only with having added his genuine signature to a check so as to purport falsely to indorse the check as the agent of the payee. At most, Stout's act was a false pretense or false representation of authority;[3] but it was not forgery as that offense was known to the common law. Nothing appears in our decisions or in the statute to indicate the legislature intended to include within the provisions of CL 1929, § 17048, quoted above, more than was included in the common-law concept of forgery.

Having concluded that petitioner is entitled to his release for the reasons above stated, I do not find it necessary to consider the other issues raised by him in his petition. I would order his immediate release.

BLACK, J. (*concurring in dismissal of writ*). Since the decisive question is of State rather than Federal nature, we are free to apply, in the construction and application of CL 1929, § 17048, our own cases as

---

[3] Conceivably Stout could have been charged with commission of a felony under CL 1929, § 16916, for defrauding by false pretenses. Inasmuch as this was not done, however, he was not properly accused of a felony, and his commitment was, therefore, without statutory justification.

well as what to us appears the better reasoning of other cases.

Adhering to such view, I conclude with Justice SMITH that petitioner was legally charged with forgery and that he in consequence was, within CL 1929, § 17241 as amended, "accused of any felony." In the language employed by the Court in *People* v. *Marion,* 29 Mich 31, 34, I can see no reason for applying to an indictment for forgery any different rule than that which would apply in other cases, so long as the defendant is clearly informed, as here he was, of the precise charge against him.

As for *Gilbert* v. *United States,* 370 US 650 (82 S Ct 1399, 8 L ed 2d 750), the case seems to be of doubtful value as precedent. The court divided 4 to 3 (Justices Frankfurter and White not participating) and the minority reached the same general conclusion as I draw from *People* v. *Marion, supra.* Justice Black, writing for the dissenters (p 659), said simply that one who indorses a check in the payee's name without authority to do so is guilty of forgery under 18 USC, § 495, whether or not the forger falsely purports to have signed the payee's name as authorized agent. Such reasoning is sound reasoning. I would apply it here.

The writ is dismissed.