PEOPLE v SUSALLA

FORGERY—UTTERING AND PUBLISHING—CHECK—CLOSED ACCOUNT.

Forgery contemplates a writing which falsely purports to be the writing of another person than the actual maker; hence, it is not forgery for one, with intent to defraud, to issue a check in his own name on a closed account, and therefore a defendant did not utter and publish a forged instrument when he signed such a check and then produced his driver's license for identification (MCLA 750.248, 750.249).

Appeal from Macomb, Howard R. Carroll, J. Submitted Division 2 February 7, 1973, at Lansing. (Docket No. 13421.) Decided April 24, 1973. Leave to appeal granted, 390 Mich 779.

Eugene Susalla was convicted of forgery and uttering and publishing. Defendant appeals. Reversed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *George N. Parris,* Prosecuting Attorney, *Thaddeus F. Hamera,* Chief Appellate Lawyer, and *Stephen F. Osinski,* Assistant Prosecuting Attorney, for the people.

*Frank L. McNelis,* for defendant on appeal.

Before: BRONSON, P. J., and FITZGERALD and O'HARA,* JJ.

REFERENCES FOR POINTS IN HEADNOTE

36 Am Jur 2d, Forgery §§ 20, 44–46, 48.

Presumptions and inferences in criminal cases from unexplained possession or uttering of forged papers, 164 ALR 621.

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

O'Hara, J. Defendant appeals of right his convictions under MCLA 750.248; MSA 28.445; and MCLA 750.249; MSA 28.446.[1]

Trial was to a jury. Upon conviction he was sentenced to 7 to 14 years.

To say the least defendant is a resourceful fellow. In a manner the record does not disclose (and mayhap it matters not) he came into possession of a check or checks imprinted "M & J Uniform Shoppe". The signature line is immediately below another imprinting "M & J Uniform". Nothing else is printed, such as "by" so and so, or with any designation by what authority the drawer signs the instrument. Thus equipped with a blank check as above described he went to the Great Lakes Gun Shoppe and outfitted himself in a red hunting suit and boots. He made out an M & J imprinted check for the purchase price ($52.15) and signed his own name to it. Obligingly, he produced his driver's license upon request for identification. It accorded with his name on the check. The check bounced. The account of the M & J Uniform Shoppe has been closed for three or four years. After some investigation defendant was apprehended, prosecuted, and convicted.

The statute under which he was prosecuted provides:

"Any person who shall falsely make, alter, forge or counterfeit any public record, or any certificate, return or attestation of any clerk of a court, public register, notary public, justice of the peace, township clerk, or any other public officer, in relation to any matter wherein such certificate, return or attestation may be received as legal proof, or any charter, deed, will, testament, bond or writing obligatory, letter of attorney, policy of insurance, bill of lading, bill of exchange,

---

[1] Forgery and uttering and publishing.

promissory note, or any order, acquittance of discharge for money or other property, or any waiver, release, claim or demand, or any acceptance of a bill of exchange, or indorsement, or assignment of a bill of exchange or promissory note for the payment of money, or any accountable receipt for money, goods or other property, with intent to injure or defraud any person, shall be guilty of a felony, punishable by imprisonment in the state prison for not more than 14 years." MCLA 750.248; MSA 28.445.

The next succeeding section implements the statute by prohibiting the uttering and publishing of any of the above designated instruments with intent to defraud.[2]

The defendant was mischarged. Under our system an accused must be charged with an offense which fits the facts of his transgression (absent permissible amendment) and prosecuted for the charged offense.

Defendant was susceptible of prosecution for one of a virtual litany of offenses dealing with bad checks. Of forgery and uttering and publishing a forged instrument he was not guilty and his conviction of that offense is fatally infirm.

Beginning with *People v Brown,* 178 Mich 155 (1913) and under myriad holdings of courts of other states, and the Federal courts, defendant was not guilty of the offense charged and for which he was prosecuted and convicted. The consensus rule is well stated in *Greathouse v United States,* 170 F2d 512 (CA 4, 1948).

"It is well established that forgery contemplates a writing which falsely purports to be the writing of another person than the actual maker. Hence it is not forgery for one, with intent to defraud, to issue a check in his own name on a bank in which he has no funds,

---

[2] MCLA 750.249; MSA 28.446.

and it is not a violation of the statute in question to cause such a check to be transported in interstate commerce." 170 F2d at 514.

Irreducibly stated, one simply can't "forge" his own name, when as here he signs it, and then identifies it as such by additional substantiation. Hence, defendant's conviction of uttering and publishing a forged instrument must also fall.

Perforce, we reverse the judgments of conviction.

All concurred.