PEOPLE v FINLEY

FORGERY—UTTERING AND PUBLISHING—DRAWING CHECK WITHOUT AC-
COUNT—IMPROPER CHARGES.

A defendant was improperly charged with uttering and publish-
ing a false, altered or counterfeited order for the payment of
money where the defendant signed his own name to a check
drawn on a bank in which he had no account and gave
identification information to the payee; the charge that should
have been placed against the defendant was under another
statute concerning the drawing of checks without an account
(MCLA 750.131a, 750.249).

Appeal from St. Clair, Halford I. Streeter, J.
Submitted Division 2 May 8, 1974, at Lansing.
(Docket No. 16061.) Decided June 27, 1974.

Charles J. Finley was convicted of uttering and
publishing. Defendant appeals. Reversed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Peter E. Deegan,*
Prosecuting Attorney, and *Peter R. George,* Chief
Appellate Attorney, for the people.

*Norris Thomas,* Assistant State Appellate De-
fender, for defendant.

Before: BRONSON, P. J., and HOLBROOK and
O'HARA,* JJ.

PER CURIAM. On September 19, 1972, defendant

REFERENCE FOR POINTS IN HEADNOTE
36 Am Jur 2d, Forgery § 48.
* Former Supreme Court Justice, sitting on the Court of Appeals by
assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

pled guilty to uttering and publishing a false, forged, altered, or counterfeited order for the payment of money, contrary to MCLA 750.249; MSA 28.446, in the Circuit Court of the County of St. Clair. On October 18, 1972, defendant was sentenced to a minimum of 5 and a maximum of 14 years in prison. The record reveals the defendant was in a tavern drinking all day. Defendant called McDonald's and told them to deliver an order of hamburgs and fries. When the person from the restaurant delivered the food, defendant gave a check signed by himself in payment for the purchase. On the back of the check appears the defendant's driver's license and social security numbers. Defendant did not have a checking account in the drawee bank. Defendant appeals as of right.

There is one issue to be considered on appeal, *i.e.,* was the charge placed against defendant a proper charge under the facts in this case? The pertinent statute, MCLA 750.249; MSA 28.446, reads as follows:

"Any person who shall utter and publish as true, any false, forged, altered or counterfeit record, deed, instrument or other writing mentioned in the preceding section, knowing the same to be false, altered, forged or counterfeit, with intent to injure or defraud as aforesaid, shall be guilty of a felony, punishable by imprisonment in the state prison not more than 14 years."

As referred to in the said statute we go to the preceding section, MCLA 750.248; MSA 28.445, for further definition of the acts prohibited and the instruments defined and set forth in pertinent part as follows:

"Any person who shall falsely make, alter, forge or counterfeit any public record, * * * or any order, ac-

quittance of discharge for money * * * a bill of exchange, * * * ."

These statutes have to do with forging, altering, and counterfeiting of public records and other instruments. The key words in MCLA 750.248; MSA 28.445, are "falsely make, alter, forge or counterfeit". These acts pertain to public records and other instruments specifically mentioned.

The case of *People v Brown,* 178 Mich 155; 144 NW 477 (1913), is similar as to the facts herein. The defendant was charged with the offense of having uttered and published as true a certain false, forged, and counterfeit order for the payment of money, with intent to injure and defraud. He wrote a check on a bank and signed his own name, at least the name that he had been going under for a considerable length of time, and which was known to the payee. The defendant did not have an account in the bank and therefore the check was not paid. After the people's case was presented, the attorney for the defendant moved the court to discharge the respondent and to quash the information, because it appeared that the instrument was not forged. The Court ruled as follows: "It is obvious that the motion should have been granted; there being no testimony tending to prove that the check was a false, altered, forged, or counterfeit instrument".

We find further light on the issue in the case of *Greathouse v United States,* 170 F2d 512, 514 (CA 4, 1948), wherein it is stated:

"It is well established that forgery contemplates a writing which falsely purports to be the writing of another person than the actual maker. Hence it is not forgery for one, with intent to defraud, to issue a check in his own name on a bank in which he has no funds, and it is not a violation of the statute in question to

cause such a check to be transported in interstate commerce."

See, also, *People v Susalla,* 46 Mich App 473; 208 NW2d 221 (1973).

In the instant case, the defendant signed his own name and gave identification information to the payee. The charge placed against the defendant was improper.

Defendant asserts, and properly so, that there is a viable and proper charge that should have been placed against him, which is MCLA 750.131a; MSA 28.326(1), and reads in part as follows:

"Any person who with intention to defraud shall make or draw or utter any check, draft or order for the payment of money to apply on an account or otherwise upon any bank or other depository who at the time of making, drawing, uttering or delivering such check, draft or order has no account in or credit with such bank or other depository for the payment of such check, draft or order upon presentation shall be guilty of a felony punishable by imprisonment in the state prison for not more than 2 years or by a fine of not more than $500."

Reversed.