PEOPLE v HODGINS

Docket No. 77-555. Submitted February 7, 1978, at Detroit.—Decided August 7, 1978.

Pamela L. Hodgins took the driver's license, social security card and car registration of Mrs. Stephany A. Leemhuis and took this identification to a branch of the Liberty State Bank and opened a checking account in the name of Stephany A. Leemhuis. The appropriate signature cards were signed and a small deposit was made. After attempting to buy a television set using a check from this account for an amount $280 greater than the deposit and signed by Pamela Hodgins, with her signature as Stephany A. Leemhuis, the defendant was arrested, and charged with forgery. She was convicted of forgery, Macomb Circuit Court, Frank E. Jeannette, J. The defendant appeals. *Held:*

The facts proven at the trial do not support a conviction for forgery under the Michigan forgery statute. The defendant was incorrectly charged.

Reversed.

1. FORGERY—STATUTES—CHECKING ACCOUNT—ACCOUNT OPENED IN ANOTHER PERSON'S NAME.

The forgery statute does not make it a forgery for a defendant to open a checking account at a bank using another person's name and identification to open the account, nor does the statute make it a forgery for the defendant to use a check against such an account signed by the defendant using his own signature of the name in which the account was opened in an amount exceeding the balance in the account (MCL 750.248; MSA 28.445).

2. FORGERY—FRAUDULENT ACT—INSTRUMENTS—THE WRITING ITSELF A LIE.

Forgery includes any act which fraudulently makes an instru-

REFERENCES FOR POINTS IN HEADNOTES

[1-3] 10 Am Jur 2d, Banks and Banking §§ 603-615.
    36 Am Jur 2d, Forgery §§ 1, 3, 26.
    Fictitious or assumed name, forgery by use of. 49 ALR2d 852.

ment purport to be what it is not; the key appears to be that the writing itself is a lie.

3. FORGERY—MISREPRESENTATION OF IDENTITY—THE WRITING ITSELF A LIE.

A defendant's misrepresentation of his identity to a bank manager in opening a checking account did not make the creation of a draft on that account a forgery when presented by the defendant to pay for merchandise; the writing itself was not a lie in those circumstances.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *George N. Parris,* Prosecuting Attorney, *Don L. Milborn,* Chief Appellate Lawyer, and *Alice F. Sage,* Assistant Prosecuting Attorney, for the people.

*Lawrence A. Baumgartner,* for defendant on appeal.

Before: M. J. KELLY, P. J., and T. M. BURNS and R. M. MAHER, JJ.

T. M. BURNS, J. The central issue in this case is whether one who opens a checking account using the name, identification and address of another person is guilty of forgery under MCL 750.248; MSA 28.445, when she writes a check on that account for more than the balance. In ruling on various defense motions, the trial court ruled yes. We disagree and reverse.

I

In November of 1975, defendant rented part of a house from Mr. and Mrs. Leemhuis. After defendant moved, Mrs. Stephany Ann Leemhuis discovered that her driver's license, social security card and car registration were missing from her wallet. It is apparent that defendant had taken them.

Defendant took this identification to the assistant manager of the Sterling Heights branch of the Liberty State Bank and opened a checking account in the name of Stephany A. Leemhuis. The appropriate signature cards were filled in and a small deposit was made.

The assistant manager testified that defendant was considered the owner of the account and only checks matching the signature card she had filled out when opening the account would be honored, if there were sufficient funds in the account. The real Stephany Leemhuis could not draw on the account, nor could defendant using any signature other than Stephany A. Leemhuis.

The charge of forgery is not based on the opening of the account as described above. Rather, the charge is based on the fact that defendant used one of the checks she had obtained from the bank when attempting to purchase a TV set. The check was made out and signed by defendant using the signature Stephany A. Leemhuis in an amount exceeding her original deposit by some $280. Because of the shopkeeper's suspicions, the transaction was not completed and defendant left the store without her purchase and without the check.

The facts proven at trial do not coincide with the charge.

## II

The substantive wording of the forgery statute has remained virtually unchanged for over 100 years, although various additions have been made. It now appears as MCL 750.248; MSA 28.445 and provides:

"(1) Any person who shall falsely make, alter, forge or counterfeit any public record, or any certificate,

return or attestation of any clerk of a court, public register, notary public, justice of the peace, township clerk, or any other public officer, in relation to any matter wherein such certificate, return or attestation may be received as legal proof, or any charter, deed, will, testament, bond or writing obligatory, letter of attorney, policy of insurance, bill of lading, bill of exchange, promissory note, or any order, acquittance of discharge for money or other property, or any waiver, release, claim or demand, or any acceptance of a bill of exchange, or indorsement, or assignment of a bill of exchange or promissory note for the payment of money, or any accountable receipt for money, goods or other property, with intent to injure or defraud any person, shall be guilty of a felony, punishable by imprisonment in the state prison not more than 14 years."

Our Supreme Court in *People v Susalla,* 392 Mich 387, 390; 220 NW2d 405 (1974), reaffirming the definitions set forth in *In re Stout,* 371 Mich 438, 440–441; 124 NW2d 277 (1963), held that forgery "includes 'any act which fraudulently makes an "instrument purport to be what it is not." ' " The *Susalla* Court concluded: "The key appears to be that the writing itself is a lie." 392 Mich at 392–393.

Both *Susalla* and *Stout* involved charges of forgery based on the signing of his own name by the defendant to a corporate check with the apparent or actual representation that he had authority to do so. The forgery was making the instrument (the check) purport to be what it was not (an order to pay by a corporation).

### III

One cannot conclude that the defendant in this case committed forgery as defined in *Susalla.* There may have been a litany of offenses committed, but not forgery. The check given by defendant

did not purport to be anything other than a personal check drawn by the person who presented it on an account that that person had opened. The misrepresentation of identity to the bank in opening the account did not make the creation of a draft on that account a forgery when presented to pay for the television. See, *Rapp v State,* 274 So 2d 18 (Fla App, 1973), *Smith v State,* 379 SW2d 326 (Tex Crim App, 1964).[1]

Simply stated, the writing itself was not a lie. Under MCL 440.3401; MSA 19.3401, only defendant would be liable on the instrument. This was confirmed by the testimony of the bank representative. The risk of loss to which the store was exposed was the result of the lack of funds in the account, not the manner in which the instrument was prepared.[2]

This analysis is not inconsistent with *People v Warner,* 104 Mich 337; 62 NW 405 (1895). In *Warner* the maker, payee and drawee were all fictitious names or firms. The draft purported to create liability in someone other than the defendant. As shown above, when the defendant in this case made the draft, she created liability only in herself.

The only proper charge under the present statutes appears to be issuing checks without sufficient

---

[1] The fact situation in the two cited cases is essentially the same as presented in this case. Reversal of forgery convictions occurred in both cases because the signature did not purport to be the act of another.

*Susalla* makes it clear that Michigan does not require that the signature purport to be the act of another, but the alleged forgery must make the instrument purport to be something which it is not. That is consistent with requiring a showing that liability is created in someone other than the defendant or some liability is enlarged.

[2] The information charged that the check was issued with the intent to defraud or injure the Liberty State Bank rather than the merchant. Our disposition makes it unnecessary to discuss this apparent error in the manner in which the offense was alleged.

funds. MCL 750.131; MSA 28.326. We would suggest that the Legislature follow the example of other states and enact a specific statute making it a forgery for an individual to open an account or issue checks on an account opened in the name of another with the intent to defraud third persons. The present statute does not.

The defendant was incorrectly charged and the conviction must be reversed.

Reversed.