PEOPLE v VAN HORN

Docket No. 67003. Submitted March 8, 1983, at Lansing.—Decided July 20, 1983.

John E. Van Horn, Jr., shortly before the death of his uncle, signed his uncle's name on a savings account withdrawal slip and transferred the money in that account to a new account opened by defendant in his uncle's name. Six months after his uncle's death, defendant signed his uncle's name on a withdrawal slip and removed money from the new account. Defendant was bound over to Livingston Circuit Court on a charge of forgery as to the later transaction. Defendant moved to quash the information arguing that the crime of forgery was not established as to the later transaction since he was merely removing funds from an account that he had created under a fictitious name. Bert M. Hensick, J., denied the motion to quash. Defendant appeals by leave granted. *Held:*

The first transfer by use of his uncle's name in an unauthorized fashion merely created a new account in the same name and is not the same as creating a new account in the name of another with one's own money. Since defendant's uncle or his uncle's estate still had control over those funds and could have removed the same from the bank upon proper demand, the act of signing his uncle's name on the withdrawal slip to remove the funds from the new account constituted the crime of forgery.

Affirmed and remanded for trial.

1. FORGERY — WORDS AND PHRASES.

Forgery is the false making of one of the documents described in the forgery statute, with the intent to deceive, in a manner which exposes another to loss (MCL 750.248; MSA 28.445).

2. FORGERY — MISREPRESENTATION OF IDENTITY.

The act of signing the name of another on a savings account withdrawal slip on an account created in the name of the other person by the person making the withdrawal is forgery where

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 36 Am Jur 2d, Forgery § 1.

the money in the account so created came from an account of the other person through the unauthorized acts of the person making the withdrawal from the new account (MCL 750.248; MSA 28.445).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Frank R. Del Vero,* Prosecuting Attorney, for the people.

*Kizer & Reder* (by *Thomas Kizer, Jr.),* for defendant on appeal.

Before: M. J. KELLY, P.J., and GRIBBS and R. L. TAHVONEN,* JJ.

R. L. TAHVONEN, J. Defendant appeals by leave granted an order of the Livingston County Circuit Court denying his motion to quash an information charging him with forgery, MCL 750.248; MSA 28.445.

Defendant was the nephew of Joseph C. Daly. On October 30, 1978, defendant signed his uncle's name on a bank withdrawal slip and had all of the funds in his uncle's savings account removed and transferred into a new account which defendant opened using his uncle's name. Defendant's uncle died on November 4, 1978. On May 4, 1979, defendant signed his uncle's name on a withdrawal slip and removed $12,263.75 from the new account.

After being bound over to circuit court on the charge of forgery, defendant moved to quash the information. This appeal followed the circuit court's denial of that motion.

Forgery is defined as making a false document described in the statute, with intent to deceive, in a manner which exposes another to loss. *People v Susalla,* 392 Mich 387, 393; 220 NW2d 405 (1974).

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Defendant claims that insufficient evidence was established to support a finding that a forgery took place on May 4, 1979. He contends that, if a forgery occurred, it occurred on October 30, 1978, when he removed the funds from his uncle's former account. He claims that he merely opened the new account in a fictitious name and that, thereafter, when he removed the funds he was not committing a forgery.

In support of his contention, defendant relies on *People v Hodgins,* 85 Mich App 62; 270 NW2d 527 (1978). In *Hodgins, supra,* defendant opened a checking account with her own funds using a fictitious name. Thereafter, she wrote a check on the account in an amount exceeding her original deposit by $280. In ruling that defendant could not be charged with forgery, the *Hodgins* Court stated:

"One cannot conclude that the defendant in this case committed forgery as defined in *Susalla.* There may have been a litany of offenses committed, but not forgery. The check given by defendant did not purport to be anything other than a personal check drawn by the person who presented it on an account that that person had opened. The misrepresentation of identity to the bank in opening the account did not make the creation of a draft on that account a forgery when presented to pay for the television. See *Rapp v State,* 274 So 2d 18 (Fla App, 1973), *Smith v State,* 379 SW2d 326 (Tex Crim App, 1964).

"Simply stated, the writing itself was not a lie. Under MCL 440.3401; MSA 19.3401, only defendant would be liable on the instrument. This was confirmed by the testimony of the bank representative. The risk of loss to which the store was exposed was the result of the lack of funds in the account, not the manner in which the instrument was prepared." *Hodgins, supra,* pp 65-66 (footnote omitted).

We find the present case to be distinguishable from *Hodgins, supra.*

Unlike the situation presented in *Hodgins, supra,* defendant did not open the account in this case with his own funds. On the contrary, by using his uncle's name in an unauthorized fashion, he merely had the funds transferred into a new account in the same name. It is clear that the bank would not have permitted the October, 1978, withdrawal to have occurred in the fashion that it did had not the funds been merely transferred into the new account. It is also clear that until defendant removed those funds in May, 1979, defendant's uncle, or his estate after the uncle's death, still had control over those funds and could have removed the same had a proper demand been made on the bank. It was when the funds were removed from the new account that the estate, and ultimately the bank, was exposed to the loss. Furthermore, it was the manner in which defendant presented the withdrawal slip on the latter occasion which created the risk of loss.

Therefore, since it was also shown that defendant made the document with the intent to deceive, we believe that a sufficient showing of forgery was established. *Susalla, supra.*

Affirmed. Remanded for trial.