PEOPLE v THOMAS

Docket No. 117374. Submitted November 14, 1989, at Lansing. De-
    cided December 21, 1989. Leave to appeal applied for.

    James Thomas, a Royal Oak Township police officer, observed a
        suspected drug dealer in a parking lot, called the suspect over,
        and searched him. Two packages of cocaine were discovered
        and the suspect was arrested. Afterwards, Thomas prepared a
        police incident report on the arrest, stating that he had re-
        ceived a tip that an individual fitting the suspect's description
        would be in the parking lot in possession of a gun and drugs.
        This statement was untrue. The report was sent to the prose-
        cutor's office for the purpose of obtaining a warrant for the
        suspect's arrest. The deputy police chief, upon learning of the
        false statement in the report, immediately informed the prose-
        cutor of that fact. As a result, Thomas was charged with
        forgery, conspiracy to commit forgery, uttering and publishing
        a forged instrument, obstruction of justice, and conspiracy to
        commit obstruction of justice. Following the preliminary exami-
        nation, the conspiracy counts were dismissed and defendant
        was bound over for trial in Oakland Circuit Court on the
        remaining charges. Defendant moved to quash the remaining
        charges. The court, Hilda R. Gage, J., granted the motion,
        quashing the forgery, uttering and publishing, and obstruction
        of justice charges, but remanded the case to the district court
        for trial on an added misdemeanor charge of willful failure to
        uphold the law. The people appealed by leave granted, assert-
        ing that the circuit court erred in quashing the charges against
        defendant.

    The Court of Appeals held:

    1. The circuit court correctly held that the police report
        constituted a public record for purposes of the forgery statute,
        but that no forgery occurred. Forgery is the making of a
        document with intent to deceive in a manner which exposes

REFERENCES

Am Jur 2d, Forgery §§ 6, 7; Obstructing Justice §§ 40, 41; Sheriffs,
    Police, and Constables §§ 277, 280.
See the Index to Annotations under Forgery; Obstructing Justice;
    Police and Law Enforcement Officers.

another to loss and includes any act which fraudulently makes an instrument purport to be what it is not. The inclusion of the single false statement in the police report did not make the report purport to be something it was not. The court did not abuse its discretion in quashing the forgery charge.

2. The uttering and publishing charge necessarily rested upon the success of the forgery charge. Since the court properly found that no forgery occurred, the uttering and publishing count must also fail. The circuit court did not abuse its discretion in quashing the uttering and publishing charge.

3. The court did not abuse its discretion in quashing the obstruction of justice charge. Obstruction of justice is a common-law offense punishable under the statute governing all common-law offenses not otherwise punishable by a specific statute. The actions of defendant, willfully and knowingly attempting to conceal an unlawful search and seizure, are expressly governed by the statute which makes it a misdemeanor for a public official responsible for enforcing and upholding the law to willfully fail to uphold or enforce the law.

4. The circuit court did not err in quashing the forgery, uttering and publishing, and obstruction of justice charges and remanding the case to the district court for trial on the misdemeanor charge of willful failure to uphold the law.

Affirmed.

1. CRIMINAL LAW — QUASHAL — STANDARD OF REVIEW.

A court should apply a clear abuse of discretion review when considering a motion to quash and determining whether a defendant should have been bound over following preliminary examination.

2. FORGERY — FALSE STATEMENT IN REPORT.

Forgery is the making of a document with intent to deceive in a manner which exposes another to loss, and includes any act which fraudulently makes an instrument purport to be what it is not; the key to forgery appears to be that the writing itself is a lie; a single false statement in a report does not necessarily make the entire report a forgery.

3. CRIMINAL LAW — OBSTRUCTING JUSTICE — COMMON-LAW OFFENSES.

Obstruction of justice is a common-law offense punishable under the statute governing all common-law offenses not otherwise governed by a specific statute (MCL 750.505; MSA 28.773).

4. CRIMINAL LAW — POLICE OFFICERS — FAILURE TO UPHOLD THE LAW — CONCEALMENT OF UNLAWFUL SEARCH AND SEIZURE.

A police officer who willfully and knowingly attempts to conceal

an unlawful search and seizure may be prosecuted under the statute which makes it a misdemeanor for a public official responsible for enforcing and upholding the law to willfully and knowingly fail to do so (MCL 752.11; MSA 28.746[101]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Richard Thompson,* Prosecuting Attorney, *Robert C. Williams,* Chief, Appellate Division, and *Paul J. Fischer,* Assistant Prosecuting Attorney, for the people.

*Elbert L. Hatchett,* for defendant.

Before: McDONALD, P.J., and HOOD and GRIFFIN, JJ.

HOOD, J. On the night of August 21, 1987, defendant, a former Royal Oak Township police officer, was returning to the station following execution of a search warrant on a suspected drug house. He was accompanied by township police chief John Catewood, Deputy Chief Cecil Dawson and Sergeant Albert Serridge. While en route, the officers observed a suspected drug dealer in a parking lot. Defendant got out of the police car, called the suspect over and proceeded to search him. Two packages of cocaine were discovered and the suspect was arrested.

Defendant prepared a police incident report on the arrest. In that report, defendant stated that he had received a tip that an individual fitting the suspect's description would be in the parking lot in possession of a gun and drugs. This statement was false.

The report was forwarded with other materials to the prosecutor's office for the purpose of obtaining a warrant for the suspect's arrest. The report was sent before Deputy Chief Dawson had an opportunity to review it. However, upon his inspec-

tion of the report, Dawson realized that it contained false information and immediately informed the prosecutor's office.

As a result of the false statement, defendant was charged with forgery, MCL 750.248; MSA 28.445, conspiracy to commit forgery, MCL 750.157a; MSA 28.354(1); MCL 750.248; MSA 28.445, uttering and publishing a forged instrument, MCL 750.249; MSA 28.446, obstruction of justice, MCL 750.505; MSA 28.773, and conspiracy to commit obstruction of justice, MCL 750.157a; MSA 28.354(1); MCL 750.505; MSA 28.773.

Defendant was bound over on the forgery, uttering and publishing and obstruction of justice charges. Both conspiracy counts were dismissed at the preliminary examination.

Defendant's motion to quash the remaining charges was granted by the Oakland Circuit Court in an October 6, 1988, order. However, the court remanded defendant's case to the district court for trial on an added misdemeanor charge of willful failure to uphold the law, MCL 752.11; MSA 28.746(101). The people now appeal from the October 6, 1988, order by leave granted asserting that the circuit court erred in quashing the charges against defendant.[1]

I

We begin by addressing the prosecutor's argument that this Court should find that the police report constituted a "public record" for purposes of the forgery statute. Our review of the record indicates that the circuit court *clearly* stated that it

[1] While the prosecution states in its appellate brief that the circuit court erred in quashing counts I-V, there were only three counts under consideration in the circuit court. The two conspiracy counts were dismissed at the preliminary examination.

deemed the police report to be a public record. The court ruled that no forgery existed premised upon an entirely different proposition (discussed *infra*). Consequently, we find it difficult to conceive how the prosecutor can request this Court to rule on the propriety of a lower court's finding which was harmonious to its contention. It appears that the prosecution wants us to rubber-stamp its position as legal precedent when no actual controversy is before us. Therefore, we decline to further review this issue.

II

The prosecutor also challenges the circuit court's decision to grant defendant's motion to quash the forgery charge. We will review the basis of the court's ruling in accordance with the applicable abuse of discretion standard of review. *People v Oliver*, 170 Mich App 38, 42-43; 427 NW2d 898 (1988), lv den 431 Mich 899 (1988).

The circuit court opined that no forgery was established because the police report was exactly what it purported to be. Our Supreme Court has defined forgery as the making of a document with intent to deceive in a manner which exposes another to loss. *In re Loyd*, 424 Mich 514, 526; 384 NW2d 9 (1986). In *People v Susalla*, 392 Mich 387; 220 NW2d 405 (1974), the Court reaffirmed its assertion set forth in *In re Stout*, 371 Mich 438, 441; 124 NW2d 277 (1963), that forgery includes any act which fraudulently makes an instrument purport to be what it is not. *Susalla, supra*, p 390. See also *People v Hodgins*, 85 Mich App 62, 65; 270 NW2d 527 (1978). The *Susalla* Court also concluded that the key to forgery appeared to be that the writing itself was a lie. *Id.*, pp 392-393.

In the instant case, it can be argued that defen-

dant included the false information with the intent to deceive and that such action resulted in exposing the suspect to loss of his freedom. However, we are hard put to find that this single statement made the entire police report purport to be something it was not and decline any invitation to extend the definition of forgery to this context. Furthermore, we do not believe that the statement made the report itself a total lie. Police reports are generally a recitation of the facts, circumstances and an officer's observations concerning the perpetration of a crime. To hold that one false statement in a whole litany of facts would make an entire report a forgery would be illogical. Consequently, we agree with the learned trial judge's assessment on this point and conclude that the court did not abuse its discretion in granting defendant's motion to quash the forgery charge. *People v Oliver, supra.*

III

The prosecutor next contends that the circuit court abused its discretion in granting defendant's motion to quash the uttering and publishing charge. The statute governing this crime provides:

Any person who shall utter and publish as true, any false, forged, altered or counterfeit record, deed, instrument or other writing mentioned in the preceding section, knowing the same to be false, altered, forged or counterfeit, with intent to injure or defraud as aforesaid, shall be guilty of a felony, punishable by imprisonment in the state prison not more than 14 years. [MCL 750. 249; MSA 28.446.]

The "preceding section" referred to in this provision is the forgery statute, MCL 750.248; MSA

28.445, under which defendant was charged pursuant to the theory that he forged the police report (i.e. a public record). Therefore, without making any substantive ruling on the "public records" issue (see section I), we find that under the facts of this case the uttering and publishing charge necessarily rested upon the success of the forgery charge. Since the circuit court properly found that no forgery occurred, the uttering and publishing count must also fail. The circuit court did not abuse its discretion in granting defendant's motion to quash this charge. *People v Oliver, supra.*

IV

The prosecutor's final argument is that the circuit court abused its discretion in granting defendant's motion to quash the obstruction of justice charge. We disagree.

Obstruction of justice is a common-law offense prosecuted through MCL 750.505; MSA 28.773:

> Any person who shall commit any indictable offense at the common law, for the punishment of which no provision is expressly made by any statute of this state, shall be guilty of a felony, punishable by imprisonment in the state prison not more than 5 years or by a fine of not more than $10,000.00, or both in the discretion of the court.

The circuit court reasoned that MCL 752.11; MSA 28.746(101) expressly governed the acts committed by defendant and thus defendant could not be prosecuted for obstruction of justice.

MCL 752.11; MSA 28.746(101) provides:

> Any public official, appointed or elected, who is responsible for enforcing or upholding any law of this state and who wilfully and knowingly fails to

uphold or enforce the law with the result that any person's legal rights are denied is guilty of a misdemeanor.

We believe that defendant was a public official responsible for enforcing and upholding the law and failed to meet this obligation by willfully and knowingly attempting to conceal an unlawful search and seizure. This action resulted in denial of the suspect's constitutional right to be free from unreasonable searches and seizures. US Const, Am IV; Const 1963, art 1, § 11. MCL 752.11; MSA 28.746(101) expressly governed defendant's actions and punishment and thus defendant could not be prosecuted for obstruction of justice pursuant to MCL 750.505; MSA 28.773. We agree with the trial court's reasoning and therefore conclude that the circuit court did not abuse its discretion in granting defendant's motion to quash the obstruction of justice charge. *People v Oliver, supra.*

v

In light of the aforementioned findings, we affirm the circuit court's order quashing the forgery, uttering and publishing and obstruction of justice charges and remanding the case to district court for trial on the misdemeanor charge of willful failure to uphold the law.

Affirmed.