## A. D. J. HOOPER v. THE STATE.

*No. 3834.   Decided December 2.*

1. **Forgery and Uttering Forged Instrument—Former Acquittal.**—Where defendant was indicted for the passing or uttering of a forged instrument, and he pleaded former acquittal, in that he had been indicted, tried, and previously acquitted for forging the same instrument, *held*, that the plea was properly overruled because our statutes (Penal Code, articles 431, 442, and 443) make forgery and the passing and uttering of a forged instrument distinct crimes with different punishments, and an acquittal of the former is no bar to a conviction for the latter.

2. **Same—Autrefois Acquit.**—In *autrefois acquit* it is necessary that the prisoner could have been convicted on the first indictment of the offense charged in the second; and the rule that a party can be prosecuted but once for the same transaction can not obtain in case of forgery and the passing of forged instruments, because they are not one and the same transaction, since the instrument must first be forged before it can be uttered and passed.

3. **Same—Filling up Over Signature.**—Article 440, Penal Code, declares it to be forgery to fill up a blank instrument over a genuine signature. See a case stated in the opinion, wherein it appeared that an employer of defendant signed a blank check and gave it to him for the purpose of filling out the same with the name of a party to be employed by defendant to do certain work for the employer, after said work should have been done by said third party, which draft defendant filled out for a large sum in his own name, presented it at the bank, and deposited the amount to his own credit. *Held*, that this was forgery.

4. **Conflicting Evidence.**—Where evidence as to the guilt or innocence of a defendant is directly conflicting, the court on appeal will not interfere with the verdict and judgment.

APPEAL from Midland, on change of venue from Mitchell. Tried below before Hon. William Kennedy.

Appellant was tried on an indictment charging him with uttering or passing a forged instrument. At the trial he was convicted and his punishment assessed at two years confinement in the penitentiary. The opinion sufficiently states the facts.

*Martin & Jones*, for appellant, as to the plea of former acquittal contended, that the court erred in excluding as evidence the indictment, verdict, and judgment in the case of forgery wherein defendant had been tried and acquitted of that offense, and that the plea of former acquittal of the former offense of forgery was a good plea in bar to this prosecution, citing United States v. Butler, 38 Fed. Rep., 499; United States v. Schneider, 35 Fed. Rep., 107; Coffee v. United States, 116 U. S., 436; Paul v. The State, 12 Texas Ct. App., 346.

*R. H. Harrison*, Assistant Attorney-General, for the State.

WHITE, PRESIDING JUDGE.—The indictment in this case charged the appellant with uttering or passing a forged instrument, knowing it to be forged.

He pleaded specially a former acquittal in bar of further prosecution in this cause, in that he had been previously indicted, tried, and acquitted under an indictment charging him with forgery of the same identical instrument which is the subject matter of the prosecution in this case; and in support of his said plea he set up as part thereof the indictment for forgery and the judgment of acquittal at his trial thereon. A demurrer and motion to set aside said special plea were interposed on behalf of the State, which motion was sustained, and the special plea of acquittal stricken out, and the action of the court in this matter is the first error complained of.

It is insisted the two offenses grew out of one and "the same transaction," and the State, having already prosecuted him as to the one, could not claim the right to further try and convict him for the other.

By the provisions of the Constitution the acquittal of the defendant exempts him from the second trial or a second prosecution for the same offense. Code Crim. Proc., art. 21. No person for the same offense shall be twice put in jeopardy of life or limb. Bill of Rights, sec. 14; Code Crim. Proc., art. 9.

In order to establish and make good a plea of former acquittal, the defendant must show that he has been acquitted of the accusation against him in the case on trial, not of another or entirely different offense growing out of the same transaction. In *autrefois acquit* it is necessary that the prisoner could have been convicted on the first indictment of the offense charged in the second. The rule seems to be well settled that a former trial (on a plea of former acquittal) is not a bar unless the indictment was such that the prisoner might have been convicted upon proof of the facts set forth in the second indictment. Simco v. The State, 9 Texas Ct. App., 338. The proof must be made by showing the identity of the very acts or omissions which constitute the offense; that the acts which constitute the offense for which the former acquittal was had are the very acts which constitute the offense on trial. Kain v. The State, 16 Texas Ct. App., 282.

The forgery of an instrument and the passing of a forged instrument are two separate and distinct offenses as denounced by our code (Penal Code, arts. 431, 443), and separate penalties are affixed to the commission of the two offenses (Id., arts. 442, 443). Under an indictment for forgery a party can not be convicted and punished for passing a forged instrument, and *vice versa*. Even if it be admitted that a party could be prosecuted but once for the same transaction or for offenses growing out of the same transaction, that rule does not obtain in cases of forgery and the passing of forged instruments, because they are not one and the same transaction. The instrument must be forged before it can be uttered or passed. We are clearly of opinion that the court did not err in sustaining the State's demurrer to and striking out defendant's plea of former acquittal.

The facts in this case show that appellant was the confidential employe and assistant of one Atwood upon a ranch; that Atwood gave him a blank draft, already signed by him, with which appellant was to pay off a party who was to do certain work upon the ranch, to-wit, plowing or breaking up by plowing a certain number of acres of land. When the plowing was done, appellant was to fill out the blank draft with the amount due for said work, draw the money from the bank, and pay it over to the party entitled to it. The plowing was never done by the party who was to be employed for that purpose, nor by any one else, and appellant filled in the blank for $250, and made it payable to himself or order or bearer, and presented the same at the bank, and had it cashed and the money placed to his credit. These facts, unexplained, would make the act of defendant a forgery under

our statute, which declares it is forgery to make with intent to defraud or injure a written instrument by filling in over a genuine signature, etc. (Penal Code, art. 440), and it would clearly be an offense to pass as true such forged instrument in writing.

The defense was that Atwood was indebted to defendant for work and labor done in and upon his ranch, and that appellant, having demanded a settlement with Atwood, had received from him the blank draft in order that defendant might fill out the same with the amount which he claimed to be due him for his said services, and collect the same from the bank and pay himself. In order to meet and controvert this defense the prosecution showed by the testimony of Atwood the nature and character of defendant's employment by him; the fact that he had paid him off by drafts which had been cashed at the bank; and by defendant's receipts upon certain accounts which the defendant had presented, and which were allowed, for services rendered, and for moneys advanced by him for Atwood.

The main tenor of defendant's bills of exception complains of certain testimony admitted and rejected with regard to these collateral bills and receipts, and a certain written instrument of agreement for compromise between the parties with a view to a settlement between them. In the attitude in which these matters are presented, we do not believe the court erred in its rulings complained of. There was direct and positive contradiction between the testimony of Atwood on the one hand, and of the defendant, who testified in his own behalf, on the other, and these matters tend, so far as admitted, to elucidate and throw light upon the questions in dispute.

The court did not err in excluding the testimony of one of the defendant's expert witnesses with regard to an examination made by him with a microscope of a receipt given by the defendant, because the witness did not show himself to be an expert in microscopic investigations.

The court did not err in excluding a certain telegraphic dispatch mentioned in defendant's bill of exceptions number 2, as the same was irrelevant, immaterial, and did not tend to elucidate any matter in issue in the case.

We have given this case our most earnest consideration, and our conclusion is that no reversible error has been committed upon the trial in the court below. As to the evidence, we have already stated that it was directly conflicting in so far as the two principal witnesses were concerned. If the testimony of Atwood, the State's witness, is to be believed, then the prosecution has unquestionably made out and fully sustained the crime as alleged in the indictment. To determine and settle this conflict was a matter peculiarly within the province of the jury, and they have determined it adversely to the appellant. The learned judge who tried the case below, and heard the witnesses testify

upon the stand, refused to set aside the verdict and grant a new trial. He was in a much better condition or situation than this court is to judge as to the merits and conclusiveness of the testimony. Upon this attitude of the case as presented in the record we do not feel that we would be warranted in disturbing the verdict and judgment, and the judgment is therefore affirmed.

*Affirmed.*

Judges all present and concurring.