## AKERS *v.* STATE OF INDIANA.

[No. 25,786.   Filed March 18, 1930.]

*D. F. Brooks*, for appellant.

*James M. Ogden*, Attorney-General, and *E. Burke Walker*, Deputy Attorney-General, for the State.

WILLOUGHBY, J.—The appellant was prosecuted upon an indictment in two counts; the first count charged him with forging a certain promissory note described therein, and the second count charged the appellant with uttering the same instrument. The issues were joined by a plea of not guilty by appellant. There was a verdict of guilty on both counts and judgment in the sum of $25, and that appellant be imprisoned in the Indiana State Prison not less than two years nor more than 14 years.

Forgery and uttering or passing a forged instrument are separate and distinct crimes, defined by the same section of the statute, and may be joined in one indictment in separate counts. *Selby* v. *State* (1904), 161 Ind. 667, 69 N. E. 463; *Campbell* v. *State* (1925), 197 Ind. 112, 149 N. E. 903; §2946 Burns 1926. The gravamen of the offense is the intent to defraud by means of false writing. Both counts charge the intent to defraud the loan company by the same identical note. The first count charges that the appellant forged the note, and the second charges that he did on the same day and date pass the forged note to said company. It thus appears that the forging and uttering were parts of the same transaction and the counts were properly joined.

The indictment in this case, however, is not assailed. The appellant has appealed from the judgment entered against him. The only error properly assigned is that the court erred in overruling appellant's motion for a new trial. Under this assignment of error, the appellant specifies that the court erred in overruling appellant's motion to request the State to

elect the count upon which it would go to trial. Second, that the court erred in overruling appellant's tendered instruction to find appellant not guilty on count one of the indictment. Third, the court erred in reading to the jury instructions Nos. 13 and 14, and each of them. It appears that neither of these specifications of error was assigned as error in appellant's motion for a new trial.

It appears from the record that none of the instructions are in the record by a bill of exceptions, but appear following a recital in the record that, at the close of the trial, all instructions were filed. The statute which applies in a civil case is not applicable in a criminal case, and the instructions will not be considered unless put in the record by a special bill of exceptions. *Goodman* v. *State* (1919), 188 Ind. 70, 121 N. E. 826.

Appellant's brief has failed to set out therein a copy of the motion for a new trial or the substance thereof, therefore any question relating to the overruling of the motion for a new trial will not be considered. *Briles* v. *State* (1927), 198 Ind. 689, 154 N. E. 659.

The Attorney-General contends that the appellant has wholly failed to comply with clause 5, Rule 22 of the Supreme Court, and that the appellant claims that the court made numerous errors in rulings upon the questions presented by the motions in appellant's brief, but the brief does not point out the place in the record where these alleged errors may be found nor does it show that any objections or exceptions were taken. Appellant's brief fails to present any question for the consideration of this court. It is the duty of appellant to point out error. This court will not search the record to reverse. *McCrocklin* v. *State* (1920), 189 Ind. 254, 126 N. E. 678, and cases there cited.

The judgment is affirmed.