Harold E. BOWMAN, Jr., Appellant (Defendant Below),

v.

STATE of Indiana, Appellee (Plaintiff Below).

No. 1–979A245.

Court of Appeals of Indiana, First District.

Dec. 27, 1979.

Lawrence D. Giddings, Peyton & Giddings, Lebanon, for appellant.

Theodore L. Sendak, Atty. Gen., Carmen L. Quintana, Deputy Atty. Gen., Indianapolis, for appellee.

NEAL, Judge.

This is an appeal by appellant-defendant, Harold E. Bowman, Jr., from a conviction upon charges of forgery and theft in the Boone Circuit Court. The appeal is taken upon the forgery conviction alone. The sole issue is whether the evidence is sufficient to sustain a conviction of forgery.

We affirm.

The evidence necessary for the decision most favorable to the State discloses the following: Appellant was a foreman for Unit Engineering Company. According to the practice of his employer, appellant was given three checks signed in blank for the purpose of paying appellant's crew, and appellant was authorized to fill in the employee's name and the amount of pay to which the employee was entitled. On this occasion appellant filled in his own name on one of the checks, entered onto the check the amount of $3,900, cashed the check, and converted the proceeds to his own use. He was later apprehended in Arizona. He was charged with forgery and theft under these facts.

The sole issue raised on appeal to be decided by this court is the narrow question of whether completion of a genuine instrument in an unauthorized manner constitutes forgery. This is a case of first impression in Indiana. Counsel have not cited any Indiana authority dispositive of this question and our independent research has disclosed none.

The former Indiana forgery statute in existence prior to the enactment of our present criminal code which became effective on October 1, 1977, was Ind. Code 35–1–124–1, enacted in 1905. That statute provided essentially as follows:

"Whoever falsely makes, or assists in making, defaces, destroys, alters, forges, counterfeits, prints, or photographs . . . any . . . check . . . with intent to defraud . . . on conviction . . . . ."

Under the former statute the gravamen of the offense of forgery was the intent to defraud by means of a false writing. *Akers v. State*, (1930) 201 Ind. 590, 170 N.E. 613. Forgery at common law has been defined to be "the false making or the material altering, with intent to defraud, of any writing which, if genuine, might apparently be of legal efficacy or the foundation of legal liability." *State v. Hendry*, (1901) 156 Ind. 392, 59 N.E. 1041.

The present forgery statute is contained in Ind. Code 35–43–5–2 (1979 Supp.) and is as follows:

"A person who, with intent to defraud, makes or utters a written instrument in such a manner that it purports to have been made:

(1) By another person;

(2) At another time;

(3) With different provisions; or

(4) By authority of one who did not give authority;

commits forgery, a Class C felony."

The definition section of the forgery statute is Ind. Code 35–43–5–1 (1979 Supp.) which defines "make" as follows:

" 'Make' means to draw, prepare, *complete*, or alter any written instrument in whole or in part. [Emphasis added.]"

The forgery statute is a part of the criminal code of 1976, effective October 1, 1977, enacted by the legislature. The Indiana Criminal Law Study Commission Comments, as related to the forgery section, states the following:

"Source and Purpose. This section represents a simplified version of the present law of Forgery . . . omitting the exhaustive listing of things that may be forged and rather *concentrating on the means whereby forgery may be accomplished. The terms 'writing,' 'utters,' and 'make' are broadly defined* in the Reference and Definition section . . . ." West's Annotated Indiana Code, Indiana Criminal Law Study Commission Comments to Ind. Code 35–43–5–2.

The great weight of authority in other jurisdictions states the rule, decided under statutes similar to our former statute, that where authority is given to one to fill in blanks in an instrument, a filling of such blanks in a manner other than authorized constitutes forgery, where the other elements of forgery are present. *People v. Kubanek*, (1939) 370 Ill. 646, 19 N.E.2d 573; *State v. Daems*, (1934) 97 Mont. 486, 37 P.2d 322; *Hicks v. State*, (1933) 176 Ga. 727, 168 S.E. 899; *Hooper v. State*, (1891) 30 Tex. App. 412, 17 S.W. 1066; *People v. Susalla*, (1974) 392 Mich. 387, 220 N.W.2d 405; *State v. Rovin*, (1974) 21 Ariz.App. 260, 518 P.2d 579.

In *People v. Susalla, supra,* in 220 N.W.2d at 407, the Supreme Court of Michigan defined forgery as follows:

"In order to constitute forgery there must be a making of a false instrument for the purpose of creating another's liability, with fraudulent intent to injure him. Such a forged instrument may be made in various ways, as by creating it entirely, *by adding to or taking away from it some of its essential terms,* or by procuring the signature of a person who had no intention of signing it. [Emphasis added.]"

The court then stated that forgery includes "any act which fraudulently makes an instrument 'purport to be what it is not.' "

 To interpret the forgery statute we have assistance in various rules of construction for guidance. Judicial interpretation of statutory language is warranted where the meaning is unclear and ambiguous. *Hilligoss v. LaDow,* (1977) Ind.App., 368 N.E.2d 1365. To interpret a statute the court must search for the legislative intent. *State ex rel. Bynum v. LaPorte Superior Court,* (1973) 259 Ind. 647, 291 N.E.2d 355. Further, to ascertain the intent of the legislature, we look to the whole of the act, to the law existing before, to the changes made, and the apparent motive for making them. *State ex rel. Rogers v. Davis,* (1952) 230 Ind. 479, 104 N.E.2d 382. We must construe the statute in accordance with the plain meaning, and we cannot apply a construction which is not in accordance with the clear and express meaning of the statute. *St. Germain v. State,* (1977) Ind., 369 N.E.2d 931. Another fundamental rule of construction is that a statutory amendment changing the wording of a statute indicates a legislative intent that the prior meaning of the statute has been changed. This raises the presumption that the legislature intended to change the law unless it clearly appears that the amendment was made to only express the original intention of the legislature. *Economy Oil Corp. v. Indiana Dept. of Revenue,* (1974) 162 Ind.App. 658, 321 N.E.2d 215.

It is significant to note that the prior statute did not use the term "complete" as one of the acts constituting forgery, but the term is incorporated in the present statute as one of the meanings for "make." "Complete," according to Webster's Third New International Dictionary means "to fill up." Black's Law Dictionary, Revised Fourth Edition, defines "complete" as "to finish," and defines "completion" as "the finishing or accomplishing in full of something theretofore begun." The addition of "complete" into the present statute clearly has a purpose. The Indiana Criminal Law Study Commission Comments state that the new statute concentrates on the means whereby forgery may be accomplished and the terms, including "make," are broadly defined. With these thoughts in mind, Ind. Code 35–43–5–2 can thus be read as applied to these facts as follows:

A person who, with intent to defraud, *completes* . . . a written instrument in such a manner that it purports to have been *completed* :

\* \* \* \* \* \*

(3) With different provisions;
(4) By authority of one who did not give authority;

commits forgery, a Class C felony.

It is not within the perception of man to anticipate every nefarious tampering to which an instrument can be made subject, nor all of the innovations conceived in fertile minds bent on mischief. It is the evident intention of the legislature in drafting this section in the criminal code that, instead of attempting to list all of the ways separately by which instruments could be made vehicles for fraud, it adopted broad terms to include any such activity. The language contained in *People v. Susalla, supra,* is an appropriate consideration in interpreting our forgery statute. We believe that in keeping with the intent and spirit and the express wording of the new criminal code, and specifically the forgery section, that in addition to the old definitions of forgery, forgery includes every act which fraudulently makes an instrument appear what it is not. We conclude, therefore, that a completion of a genuine instrument in an unauthorized manner constitutes forgery.

Appellant cites *Putnam et al. v. Sullivan,* (1808) 4 Mass. 45, in support of his position. This case is a negotiable instrument case and has no applicability here. He further cites *Laymon v. State,* (1961) 242 Ind. 62, 176 N.E.2d 120. This case involves stolen checks endorsed by defendant and has no applicability here.

For the reasons stated, the judgment of the trial court is affirmed.

Affirmed.

LOWDERMILK, P. J., and ROBERTSON, J., concur.