Rodney S. JORDAN, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 4–1183A397.

Court of Appeals of Indiana,
Fourth District.

Dec. 12, 1985.
Rehearing Denied Jan. 28, 1986.

Susan K. Carpenter, Public Defender, Rick Ranucci, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

YOUNG, Presiding Judge.

Rodney S. Jordan appeals the trial court's denial of post-conviction relief following his conviction for forgery, a Class C felony. Because his first allegation is dispositive, we address only that issue.

■ Jordan argues that the trial court erred in accepting his guilty plea because the factual basis before the court did not establish the crime as charged. IND. CODE 35–35–1–3 (Supp.1981) provides:

(b) the court shall not enter judgment upon a plea of guilty or guilty but mentally ill at the time of the crime unless it is satisfied from its examination of the defendant on the evidence presented that there is a factual basis for the plea.

In order to prevail, Jordan must show that the trial court's refusal to grant post-conviction relief was contrary to law in that the evidence was without conflict and led unerringly to a conclusion not reached by the trial court. *Quinn v. State* (1982), Ind., 436 N.E.2d 70.

In the present case, the information charges that Jordan:

did unlawfully and with intent to defraud MAKE a written instrument, to-wit: A BUSINESS INVOICE, said instrument being of the following tenor: viz: in such a manner that said written instrument purported to have been made by the authority of JAMES ASSOCIATES ARCHITECTS who did not give authority....

This charge tracks the language of IND. CODE 35–43–5–2(4) (Supp.1981) which provides:

A person who, with intent to defraud, makes or utters a written instrument in such a manner that it purports to have been made:

. . . .

(4) by authority of òne who did not give authority; commits forgery, a Class C felony.

The factual basis [1] before the trial court was that on July 16, 1982, Jordan entered Hoosier Photo, orally represented that he was an employee of James and Associates and ordered printing supplies. Jordan then signed a sales receipt under the fictitious name of Walter White. When Hoosier Photo billed James and Associates, the latter protested that they did not know a Walter White.

Jordan basically contends that nothing on the purchase receipt indicated to Hoosier Photo that Jordan had the authority to bind James and Associates. The victim's belief that Jordan was an agent of James and Associates sprang solely from Jordan's *oral* misrepresentations.

 Traditionally, the gravamen of the offense of forgery has been the intent to defraud by means of a false writing. *Akers v. State* (1930), 201 Ind. 590, 170 N.E. 613. It is this use of a written instrument to accomplish fraud which arguably justifies the relatively severe penalty for forgery as opposed to crimes such as theft and deception which, although factually similar, do not necessarily undermine the sanctity of the written instrument.

 In the present case, Jordan concedes that he deceived the victim through his oral misrepresentations. The state's recitation of the facts before the trial court does not reveal that the business invoice contained any suggestion whatsoever that Jordan was an employee or agent or otherwise authorized to bind James and Associates. The invoice apparently was signed simply: "Walter White". It was thus not the written instrument but, rather, Jor-

dan's oral statements that led the victim to believe Jordan was acting on behalf of James and Associates. The written instrument purported nothing in this regard. Such reliance upon oral rather than written words is more consistent with a charge of deception than forgery.

Although the state might have charged Jordan with making an instrument purporting to have been made "by another person," [2] it chose not to do so. We cannot remedy the consequences of this decision on appeal by misconstruing the factual basis to fit the charge.

Reversed and remanded with instructions to permit Jordan to withdraw his guilty plea.

MILLER and CONOVER, JJ., concur.

---

1. The factual basis was established through the state's recitation of facts, which Jordan admitted as true.

2. IND.CODE 35–43–5–2(1) (Supp.1981).