JOURNAL ENTRY and OPINION
The grand jury returned a four count indictment against defendant Robin Pruett charging her with burglary, theft, forgery and uttering. The counts stemmed from her involvement as a real estate agent in a scheme to defraud a very elderly home buyer. The court entered judgments of acquittal on the burglary and theft counts, and a jury returned a guilty verdict on the uttering count, but acquitted defendant of the forgery count. Defendant's primary argument on appeal is that a guilty verdict on the uttering count cannot stand in the face of the acquittal on the forgery count.
The ninety-five year old (and very senile) victim in this case signed a contract to purchase a house through defendant and forwarded earnest money. The earnest money check was made payable to the real estate company. Six weeks later, defendant went to the victim's house and requested that the victim give her a second, signed blank check for earnest money. The manager of the building where the victim lived came into the apartment during this conversation and spoke to defendant. Defendant gave the building manager a phony name and said that she did not carry business cards. The manager called the victim's bank and reported the check as stolen.
The vice-president of the real estate office where defendant worked testified that it was not normal practice to ask a prospective buyer to put additional money down, and that he would not encourage one of his staff to ask for a blank check for that purpose. An office manager from the same real estate office said that she never saw any loan applications or other papers logged by defendant and, having reviewed the victim's credit profile, thought it highly unlikely that he would get a conventional loan from a bank due to his advanced age.
Defendant tried to cash the check by having the teenage friend of her niece take it to the bank. She told the friend that the check was bond money for a friend, and that they needed to keep the transaction quiet. The friend said that defendant filled out the check in her presence. When the friend tried to cash the check, the teller verified the check because the friend did not have an account at the bank. The teller discovered that the check had been reported as stolen. Defendant immediately became agitated and wanted to leave, but the friend remained and cooperated with the bank.
 I
In her first assignment of error, defendant complains that the verdicts were inconsistent in that the jury acquitted her of forgery, yet found that she uttered the check. She maintains that forgery is an essential element of an uttering charge, and having been acquitted of forgery, it follows that the state could not prove she uttered the check.
In State v. Adams (1978), 53 Ohio St.2d 223, vacated on other grounds (1978), 439 U.S. 811, the court adopted and approved paragraph two of the syllabus to Browning v. State (1929), 120 Ohio St. 62:
 The several counts of an indictment containing more than one count are not interdependent and an inconsistency in a verdict does not arise out of inconsistent responses to different counts, but only arises out of inconsistent responses to the same count.
Inconsistent verdicts on different counts of a multi-count indictment do not justify overturning a verdict of guilt. United States v. Powell (1984), 469 U.S. 57, 68; State v. Adams (1978), 53 Ohio St.2d 223, 228. The courts will not engage in speculation as to the basis of the jury's verdicts, even if they assume them to be inconsistent, as an inconsistency may have accrued to the benefit of the defendant through lenity; therefore, inquiry into the jury's thought process is too speculative. See State v. Lovejoy (1997), 79 Ohio St.3d 440, 444-445.
We have rejected the argument that it is inconsistent for an accused to be found guilty of uttering but acquitted of forgery. See State v. Keith (Aug. 17, 2000), Cuyahoga App. No. 76469, unreported. It is possible that the jury believed defendant uttered a forged instrument, but did not personally forge the uttered document. See United States v. Stern (C.A.1, 1994), 13 F.3d 489, 493-494. We need not be convinced that the jury decided the case on this basis we need only be convinced that the possibility exists that the jury could decide this case on that basis. United States v. Stern, 13 F.3d at 494. The first assignment of error is overruled.
 II
The second assignment of error complains that there is insufficient evidence in the record to show that defendant's conviction for uttering is not supported by sufficient evidence because there was no proof that the check had been forged.
The state charged defendant under R.C. 2913.31(A)(3), which states that no person, with purpose to defraud, shall utter, or possess with purpose to utter, any writing that the person knows to have been forged. To utter one must issue, publish, transfer, use, put or send into circulation, deliver, or display the forged item. See R.C. 2913.01(H).
While there appears to be no Ohio cases dealing with the precise facts in this case, there is a significant and long-standing body of law from other states that the use of a signed, blank check for a purpose other than that intended by the drawer to be a forgery. See, e.g., Bowman v. State (App. 1979), 73 Ind. Dec. 365, 398 N.E.2d 1306 (collecting cases); State v. Daems (1934), 97 Mont. 486; State v. Cranfield (1953),238 N.C. 110.
Viewing the evidence in a light most favorable to sustaining the verdict, we find evidence that established that by filling in the check for her own purposes, defendant knew she was using the check for a reason other than represented to the victim. The evidence showed that defendant obtained the signed, blank check by telling the victim that the signed, blank check represented additional earnest money for the real estate transaction. The evidence showed that to be a pretense, for defendant's own vice-president assured the jury that his firm would never ask a client for a signed blank check.
The state showed evidence of defendant's criminal intent by presenting testimony that when the bank refused to cash the check because it had been reported stolen, defendant's first instinct was to flee. These facts, taken together, provided sufficient evidence from which the elements of uttering had been proven. The second assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.